| | | |
|---|---|---|
| CONNIE REYES and DANIEL V. REYES, | ) | |
| Parents of S.R. a minor child, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:13-CV-133-PRC |
| | ) | |
| WILLIAM J. RUCKER, DDS, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion to Strike Plaintiffs' Addendum to Expert Report [DE 39], filed on September 23, 2014. For the reasons set forth below, the Court grants the motion.

## BACKGROUND

Plaintiffs' expert witness disclosure deadline was May 28, 2014. On that date, Plaintiff served the expert report and opinions of Nicholas E. Panomitros, DDS, MA, JD, LLM, which is dated May 28, 2014. The report listed Dr. Panomitros' "compensation" rate as "$400.00 hour." (Def. Br., Exh. A, p. 12). The report did not include a list of other cases in which he had testified as an expert in the past four years. Dr. Panomitros gave an opinion on the care provided to S.R. by Defendant Dr. Rucker, opining that most of the care fell below the applicable standards of care.

Defendant's expert witness disclosure deadline was June 30, 2014. On that date, Defendant served the expert report and opinions of Barry W. Ray, DDS, MAGD, dated June 23, 2014. Dr. Ray opined that Dr. Rucker's care of S.R. met the applicable standard of care and that Dr. Rucker's care did not cause any injury to S.R. Dr. Ray did not list the records of Dr. Pong, a dentist who treated S.R. in 2009, nor did he give any opinions based on Dr. Pong's records. Some time after issuing his report, Dr. Ray reviewed the treatment records of Dr. Pong and a 2009 x-ray of S.R. taken by Dr. Pong.

On August 29, 2014, Plaintiffs deposed Dr. Ray. In his deposition, Dr. Ray opined that, based on the 2009 x-ray from Dr. Pong, "there should have been something done about this tooth a long time ago." (Pl. Resp., Ex., pp. 13-14).

The discovery deadline was August 29, 2014.

On September 5, 2014, counsel for Plaintiffs faxed to counsel for Defendant a copy of the Expert Witness Retention Contract for Plaintiffs' expert Dr. Panomitros, which indicated that his hourly rate for time spent on the case is $400 an hour and that his deposition rate is $700 an hour.

On September 8, 2014, Defendant began the deposition of Dr. Panomitros. The deposition could not be concluded due to Dr. Panomitros' schedule. The date selected to conclude Dr. Panomitros' deposition was September 18, 2014, at 3:30 p.m. in Chicago, Illinois.

On September 10, 2014, Defendant served on Plaintiffs an Amended Expert Report by Dr. Ray, dated September 2, 2014. The only change to the original report was the inclusion of three additional documents reviewed by Dr. Ray: the records of Henry Pong, DDS; x-rays of S.R. from Henry Pong, DDS; and the expert report of Dr. Panomitros. No changes were made to the text of the report.

On September 18, 2014, the day that the completion of Dr. Panomitros' deposition was scheduled to begin at 3:30 p.m., counsel for Plaintiffs faxed at 12:20 p.m. to counsel for Defendant an Addendum to Expert Report ("Addendum") by Dr. Panomitros. Counsel for Defendant, whose law practice is in Fort Wayne, Indiana, was driving to the deposition in Chicago, Illinois, and was unable to read or review the Addendum until arriving at the deposition. The Addendum provides two pages of opinion and lists four documents that were reviewed: records of Henry Pong, DDS; Dr. Ray's original report; Dr. Ray's deposition; and Dr. Ray's September 2, 2014 amended report. Dr. Panomitros' Addendum also lists the cases on which he consulted and, on the last page, lists his

"Compensation" as "$400.00 hour for case review. Deposition and trial testimony is $700.00 hour." (Def. Br., Ex. C, p. 2).

The September 18, 2014 continued deposition of Dr. Panomitros was cancelled due to disagreement over the scope of the Addendum that had been given to counsel for Defendant upon her arrival at the deposition location in Chicago, Illinois.

Counsel for Defendant discussed her objections to Dr. Panomitros' Addendum with counsel for Plaintiffs on September 18, 2014, and again by telephone on September 22, 2014. That day, Counsel for Plaintiffs sent counsel for Defendant an email indicating that Plaintiffs would not agree to redact two sentences from Dr. Panomitros' Addendum "for the reason that the Defendant has an opportunity to ask him anything about his opinions in . . . his upcoming deposition." (Def. Br., Ex. D). Counsel stated that Dr. Panomitros' deposition rate remained at $700 an hour, which counsel for Plaintiffs had first disclosed to counsel for Defendant on September 5, 2014. Counsel also noted that Plaintiffs had not objected to Dr. Ray's untimely Amended Expert Report.

On September 22, 2014, Defendant filed a motion requesting a hearing on this dispute, and on September 23, 2014, counsel for Defendant filed the instant motion after attempting to informally resolve the dispute with counsel for Plaintiffs.

On September 25, 2014, the Court held a telephonic hearing. On September 26, 2014, Defendant filed an evidentiary supplement at the Court's request. Plaintiffs filed a response brief on September 30, 2014, and Defendant filed a reply brief on October 1, 2014.

## ANALYSIS

Defendant brings the instant Motion to Strike pursuant to Federal Rule of Civil Procedure 37(c), asking the Court to strike Dr. Panomitros' September 17, 2014 Addendum.

Federal Rule of Civil Procedure 26(a)(2)(B) provides that an expert report must include "a complete statement of all opinions the witness will express and the basis and reasons for them" as

well as the expert's statement of compensation for both "study and testimony in the case." Fed. R. Civ. P. 26(a)(2)(B)(i), (vi). These disclosures must be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Absent a stipulation or court order, the disclosures must be made "if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure." Fed. R. Civ. P. 26(a)(2)(D)(ii).

Rule 37(c) provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The sanction under Rule 37(c) "is 'automatic and mandatory' unless the offending party can establish 'that its violation of Rule 26(a)(2) was either [substantially] justified or harmless.'" *Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 641 (7th Cir. 2008) (quoting *Keach v. U.S. Trust Co.*, 419 F.3d 626, 639 (7th Cir. 2005)). The determination of harmlessness is within the district court's discretion and is guided by these factors: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003).

In the instant motion, Defendant argues that the Addendum to Dr. Panomitros' report should be stricken because the report (1) contains new opinions and additional bases for the opinions he expressed in his original report, (2) increased Dr. Panomitros' fee from $400 an hour to $700 an hour, and (3) did not include a list of his prior cases.

The Court finds that the Addendum is untimely and not harmless because of the prejudice and surprise to Defendant. In the response brief, Plaintiffs assert that the September 17, 2014 Addendum was drafted "primarily" in response to Dr. Ray's Amended Expert Report, which was

produced by Defendant on September 19, 2014. (Pl. Resp. 2). However, there are no new opinions in Dr. Ray's Amended Expert Report; the only change to Dr. Ray's original report is the addition of three documents to the list of materials reviewed. Plaintiffs offer no analysis of how Dr. Panomitros' Addendum is responsive to the listing of the three documents. Thus, Dr. Ray's Amended Expert report is not a "disclosure" that would trigger a rebuttal under Rule 26(a)(2)(D)(ii). As a result, to the extent Dr. Panomitros' Addendum is in response to Dr. Ray's original report (which it appears to be in its entirety), the Addendum is untimely because it was not filed within thirty days of Dr. Ray's original report produced on June 30, 2014.

Plaintiffs contend that the Addendum was also submitted in response to Dr. Ray's deposition testimony taken on August 29, 2014. In support, Plaintiffs attach two pages of the deposition transcript and, in the response brief, note his testimony that something should have been done about S.R.'s tooth #18 as early as 2009 when S.R. treated with Dr. Pong. The original June 30, 2014 report issued by Dr. Ray did not include this opinion; nor did the original report show that Dr. Ray had reviewed Dr. Pong's records. At the hearing, counsel for Defendant represented that Dr. Pong's records were received after Dr. Ray's original report was produced. Nevertheless, nothing in Dr. Panomitros' Addendum appears responsive to Dr. Ray's testimony about Dr. Pong's x-ray, and Plaintiffs make no attempt to explain how the Addendum responds to the identified portion of Dr. Ray's deposition. Plaintiffs argue that Defendant has "unclean hands so to speak" because Dr. Ray's deposition testimony concerning the state of S.R.'s tooth in 2009 based on Dr. Pong's x-ray was not in his original report. (Pl. Br. 4). However, Plaintiffs did not object at the deposition to Dr. Ray's opinion, nor did they timely file any motion concerning that testimony. More importantly, again, Dr. Panomitros' Addendum is not responsive to the identified portion of Dr. Ray's deposition testimony.

This untimely production is not harmless because the Addendum was a surprise to Defendant whose counsel received it just a few hours before the continued deposition of Dr. Panomitros and

while counsel was traveling to the deposition. In addition, counsel for Defendant represents that she has already expended a great deal of time preparing for the deposition of Plaintiffs' expert based on his original report. Discovery has closed and has only been extended to allow for this deposition. The Court has a trial setting in March 2015 and has already extended the dispositive motion deadline on two occasions to allow sufficient time for this deposition. Moreover, Defendant has developed his defense theory based on Dr. Panomitros' original report, and discovery is now closed. Accordingly, the Court strikes Dr. Panomitros' September 17, 2014 Addendum and orders that Plaintiffs are prohibited from introducing the Addendum in evidence. *See* Fed. R. Civ. P. 37(a)(2)(A)(ii).

As for Dr. Panomitros' hourly rate, Federal Rule of Civil Procedure 26 requires that the expert's report include a statement of compensation for both "study *and testimony* in the case." Fed. R. Civ. P. 26(a)(2)(B)(vi) (emphasis added). Dr. Panomitros' May 28, 2014 report describes his compensation as "$400.00 hour." (Def. Br., Exh. A). The Court finds that the copy of Dr. Panomitros' contract provided to Plaintiffs by Defendant three days before Dr. Panomitros' September 8, 2014 deposition does not cure any omission of the $700.00 rate for testimony. Nor is the omission harmless. Counsel for Defendant represents to the Court that Defendant's insurance carrier authorized Dr. Panomitros' deposition in reliance upon the hourly rate he set forth in his initial expert report of $400.00 an hour. If the testimony rate was indeed $700 at the time that Dr. Panomitros issued his report in May, Plaintiffs' counsel had the opportunity to rectify the error before serving the report on Defendant. Allowing Plaintiffs to amend Dr. Panomitros' expert report to increase his hourly rate for testimony by $300 days before the deposition is prejudicial to Defendant. The rate remains $400.00 per hour as set forth in the May 28, 2014 report.

**CONCLUSION**

Based on the foregoing, the Court hereby **GRANTS** the Motion to Strike Plaintiffs'
Addendum to Expert Report [DE 39], **STRIKES** Dr. Panomitros' September 17, 2014 Addendum
to Expert Report, and **ORDERS** that Plaintiffs are prohibited from introducing the Addendum in
evidence.

SO ORDERED this 2nd day of October, 2014.


 s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES MAGISTRATE JUDGE

cc:    All counsel of record